UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JARMAN M. SMITH, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV1196 HEA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Lewis M. Blanton, that the decision of the Commissioner be reversed and remanded. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

Plaintiff has no objection to a reversal and remand pursuant to the Report and Recommendation, but only for the limited purpose of Plaintiff's eligibility for benefits before a subsequent claim and award rendered by Defendant finding Plaintiff disabled as of February 7, 2008. The Court agrees with Plaintiff that before Plaintiff's current eligibility could be terminated, Defendant must follow the

due process requirements of 20 C.F.R. §§ 416.994 and 416.995. Therefore, the scope of the remand shall be limited to consideration of Plaintiff's eligibility before the date covered by the subsequent award, *i.e.*, for the period from September 3, 2003 through February 6, 2008, and in accordance with Judge Blanton's findings and conclusions as stated in the Report and Recommendation. The Court also adopts the Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is reversed and remanded to the ALJ in order for the ALJ to properly credit Plaintiff's valid IQ scores and determine if Plaintiff's mental impairments meet or equal Listing 12.05(C). If the ALJ determines that Plaintiff's impairments do not meet or equal Listing 12.05(C), the ALJ should proceed with the sequential analysis and properly determine Plaintiff's residual functional capacity.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of July, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE